UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCIS M. FRAINE and <br> SHARON R. FRAINE, <br>     Plaintiff, <br> <br> v. <br> <br> DEUTSCHE BANK NATIONAL <br> TRUST COMPANY AS TRUSTEE IN <br> TRUST FOR THE BENEFIT OF <br> THE CERTIFICATE HOLDERS FOR <br> AMERIQUEST MORTGAGE <br> SECURITIES TRUST 2005-R11, <br> ASSET-BACKED PASSED-THROUGH <br> CERTIFICATES, SERIES 2005-R-11, <br> AMERIQUEST MORTGAGE <br> COMPANY, AMERICAN HOME <br> SERVICING, INC., and CITI <br> RESIDENTIAL LENDING, INC., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 09cv12214-NG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

GERTNER, D.J.

**MEMORANDUM AND ORDER RE:**
**DEFENDANTS' MOTIONS TO DISMISS**
January 28, 2011

I.     **INTRODUCTION**

Plaintiffs Francis and Sharon Fraine bring breach of contract, fraud, violations of truth in lending, and Chapter 93A claims against Ameriquest, Citi Residential, Deutsche Bank National Trust Company ("Deutsche Bank"), and American Home Mortgage Servicing, Inc ("American") under common law, and under Chapters 140D and 93A of the Massachusetts General Laws for a series of events that resulted in pending foreclosure of their home. Ameriquest and Citi Residential have filed Motions to Dismiss (document #11; document #14, respectively) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. To survive a motion to dismiss, plaintiffs must allege a plausible entitlement to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). The complaint must include "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. For the reasons that follow, I GRANT the motions to dismiss in their entirety.

## II. DISCUSSION

Plaintiffs allege that Ameriquest and Citi Residential breached a contract when Deutsche Bank, who bought the mortgage from these parties, failed to honor a loan modification agreement that plaintiffs had entered with Ameriquest and Citi Residential. To state a claim for breach of contract, plaintiffs must allege that they had an agreement with Ameriquest and Citi Residential, that Ameriquest and Citi Residential breached that agreement, and that the alleged breach caused plaintiffs to suffer damages. Plaintiffs allege no facts to suggest that either defendant breached the agreement; indeed, the facts stated support the opposite premise, that both Ameriquest and Citi Residential honored the loan modification fully while the mortgage was under their control. The breach of contract claims are therefore DISMISSED.

Plaintiffs further allege that Ameriquest and Citi Residential fraudulently misrepresented the value of their home to qualify them for financing in 2005 and again in 2008. Federal Rule of Civil Procedure 9(b) requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This heightened pleading requirement is satisfied only when a plaintiff's complaint specifies "the time, place, and content of an alleged false representation." U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 45 (1st Cir. 2009). Here, plaintiffs offer only vague assertions and fail to allege facts that show fraudulent behavior. Their fraud claims are DISMISSED.

The plaintiffs also claim that the defendants failed to make a number of disclosures as required by the Truth in Lending Act and Massachusetts Credit Disclosure Act during the 2005 refinancing process. Here again plaintiffs have alleged no facts to support these claims in either their complaint or their opposition to the motions to dismiss. They have made only a formulaic recitation of the elements of the cause of action. See Twombly, 550 U.S. at 555. The Truth in Lending Act claims are DISMISSED.

Finally, the plaintiffs bring claims under Chapter 93A of the Massachusetts General Laws. These claims are barred as plaintiffs failed to serve the defendant with "a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered" at least 30 days before suit. Mass. Gen. Laws ch. 93A §9(3). See also Ball v. Wal-Mart, Inc., 102 F.Supp.2d 44, 54 (D. Mass. 2000) (the plaintiff must serve demand letter, and must plead that he has complied with this requirement as a prerequisite to suit). These Chapter 93A claims are DISMISSED without prejudice.

### III. CONCLUSION

Ameriquest's Motion to Dismiss (document #11) and Citi Residential's Motion to Dismiss (document #14) are **GRANTED**.

**SO ORDERED.**

**Date: January 28, 2011**          */s/ Nancy Gertner*
                                     **NANCY GERTNER, U.S.D.J.**